NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO A.C.

No. 1 CA-JV 25-0154

FILED 04-23-2026

Appeal from the Superior Court in Maricopa County
No. JD535966
The Honorable Michael C. Blair, Judge

**AFFIRMED**

COUNSEL

Maricopa County Office of the Public Advocate, Mesa
By Seth Draper
*Counsel for Appellant Alvaro C.*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee Department of Child Safety*

Canizales Law PLLC, Phoenix
By Carrie Shew Canizales
*Counsel for Appellee A.C.*

---

**MEMORANDUM DECISION**

---

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Andrew J. Becke joined.

---

**C A T T A N I**, Judge:

**¶1**          Alvaro C. ("Father") appeals from an order terminating his parental rights as to his child, A.C.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**          Father and Christina G. ("Mother") are the biological parents of A.C., who was born in January 2019.[1]

**¶3**          In June 2024, the Department of Child Safety ("DCS") removed A.C. from Mother's home based on substance abuse and drug-related neglect; A.C. tested positive for fentanyl immediately after removal.

**¶4**          Father, who also struggled with substance abuse, was enrolled in an inpatient drug treatment program at the time.  He had moved across the state six months earlier and had only limited contact with A.C. and Mother after moving.  Father did not contest DCS's resulting dependency petition, and the court found A.C. dependent as to him based on substance abuse and neglect.

**¶5**          In August 2025, DCS moved to terminate Father's rights based on nine months' out-of-home placement.  *See* A.R.S. § 8-533(B)(8)(a). Father failed to appear for the initial severance hearing, and the court proceeded to a termination adjudication hearing in his absence.

**¶6**          Despite substance abuse being a key issue throughout, Father failed to submit to drug testing and did not maintain regular contact with DCS. Father's attorney reported that Father did not oppose the termination, and based on the evidence presented, the court terminated Father's rights based on nine months' time in care, also finding that severance would be in A.C.'s best interests.

---

[1]     Mother's parental rights were also terminated, but she is not a party to this appeal.

¶7        Father timely appealed, and we have jurisdiction under A.R.S. § 8-235(A).

## DISCUSSION

¶8        The superior court may terminate a parent–child relationship if clear and convincing evidence establishes at least one statutory ground for termination and a preponderance of the evidence shows termination to be in the child's best interests.  A.R.S. § 8-533(B); *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005).  We defer to the superior court's factual findings if supported by reasonable evidence and accept the court's legal conclusions unless clearly erroneous. *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 478–79, ¶¶ 30–31 (2023).

¶9        Father does not directly challenge the superior court's findings as to grounds for termination or A.C.'s best interests.  Rather, he contends that his paternity of A.C. was not proven, which he asserts left the court without jurisdiction, rendered the termination motion and its service improper, and undermined the termination ground.

¶10       Relying on *In re Dependency as to L.P.*, 259 Ariz. 548 (App. 2025), and *In re Dependency as to G.R.*, 255 Ariz. 444 (App. 2023), Father asserts that paternity must be established before the superior court can find a child dependent, and that paternity was not shown here.  Although those cases support that legal proposition, Father's paternity had already been established, as the superior court expressly noted without objection well before the dependency adjudication. *See L.P.*, 259 Ariz. at 550, ¶ 2; *G.R.*, 255 Ariz. at 447–48, ¶¶ 13, 20.

¶11       The dependency petition alleged that Father had established paternity through a properly filed acknowledgement of paternity. *See* A.R.S. § 25-812(A)–(D) (permitting a parent to establish paternity by filing a voluntary acknowledgment of paternity, which becomes "a determination of paternity" with the "same force and effect as a superior court judgment" upon proper filing).  Father did not challenge paternity but did personally appear at the preliminary protective hearing.  The resulting minute entry states that "Paternity has been established."  Even then, Father did not ask the court to reconsider that finding or otherwise contest the dependency petition—including its allegation that paternity had already been established.  Nor did he appeal from the dependency adjudication, which included a finding that the petition's allegations were true.

¶12 To the extent Father now seeks to challenge paternity, he failed to provide a transcript of the preliminary protective hearing where the superior court addressed the issue and found that paternity had been established. We presume that the missing transcript supports the court's findings. *See* Ariz. R.P. Juv. Ct. 604(a)(2)(G), (b)(1)(B); *see also Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995). And nothing in the record suggests that Father disputed paternity or objected to termination on this basis at any time throughout the superior court proceedings. The record supports the superior court's findings as to grounds for termination and A.C.'s bests interests, and Father has shown no error.

## CONCLUSION

¶13 We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR